# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| LEIDY TATIANA CARVAJAL ARCHULETA, individually, and in her capacity as Administratrix of the Estate of SEAN ARCHULETA, and as next friend of minors JA and VS, <br><br> Plaintiff, <br><br> vs. <br><br> ATLAS AIR WORLDWIDE HOLDINGS, INC., ATLAS AIR, INC., AMAZON.COM, INC., and AMAZON FULFILLMENT SERVICES, INC. <br><br> Defendants | C.A. NO.: _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff LEIDY TATIANA CARVAJAL ARCHULETA, individually and in her capacity as Administratrix of the Estate of SEAN ARCHULETA, and as next friend of minors JA and VS, by and through undersigned counsel and for this cause of action files this Complaint against Defendants ATLAS AIR WORLDWIDE HOLDINGS, INC., ATLAS AIR, INC., AMAZON.COM, INC., and AMAZON FULFILLMENT SERVICES, INC., (collectively "Defendants"), all United States corporations, and for cause of action, would respectfully show unto this Honorable Court the following:

# I. NATURE OF THE CAUSE OF ACTION

1.1     This is an action for damages on behalf of the Plaintiff for the death of Sean Archuleta and other damages suffered during the crash of Atlas Air Flight 3591, at Trinity Bay, Texas on February 23, 2019.

# II. PARTIES

2.1     Plaintiff Leidy Tatiana Carvajal Archuleta, is the wife of the Sean Archuleta. They were married on May 8, 2018, in Harris County, Texas.  Leidy Tatiana Carvajal Archuleta is the mother of the minor children JA and VS.  The Decedent, Sean Archuleta, was the father of JA and the step-father of VS. The minor child VS resided with her mother and Sean Archuleta, with Sean Archuleta providing more than fifty percent of VS's support.

2.2     Plaintiff Leidy Tatiana Carvajal Archuleta's Application for Letters of Administration concerning the Estate of Sean Andrew Archuleta, is pending in the County Probate Court No. 1 of Harris County, Texas.

2.3     At all times material hereto, Defendant ATLAS AIR WORLDWIDE HOLDINGS, INC., is a Delaware corporation with its principal place of business in Purchase, New York, where it is a citizen and resident. ATLAS AIR WORLDWIDE HOLDINGS, INC. has engaged in substantial and not isolated activity within the State of Texas, and this District, including but not limited to the maintenance and operation of its aircraft and the operation of passenger and cargo flights to and from George Bush Intercontinental Airport, Houston, Texas. Although this Defendant does business in the State of Texas for the purpose of accumulating monetary profit, it does not maintain a

regular place of business nor a designated agent for service of process in the State of Texas. For these reasons, long-arm service of process is to be upon the Texas Secretary of State pursuant to Tex.Civ.Prac. & Rem. Code §17.044. This suit arises out of business contacts in the State of Texas and, under the circumstances, ATLAS AIR WORLDWIDE HOLDINGS, INC. has appointed the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent upon whom service of process may be had in this action. The Texas Secretary of State is requested to forward a copy of this Complaint, along with Citation, by certified mail, return receipt requested, to Defendant, ATLAS AIR WORLDWIDE HOLDINGS, INC. at its home office 2000 Westchester Avenue, Purchase, New York, 10577.

2.4 At all times material hereto, Defendant ATLAS AIR, INC., is a corporation organized and existing under the laws of Delaware with its principal place of business in Purchase, New York. It is a wholly owned subsidiary of ATLAS AIR WORLDWIDE HOLDINGS, INC. This Defendant may be served by serving its registered agent: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

2.5 Defendant ATLAS AIR, INC. is engaged in the business of air transportation of passengers and cargo for hire.

2.6 Defendant, ATLAS AIR WORLDWIDE HOLDINGS, INC., is the parent corporation of, and exercised control over, its wholly-owned subsidiary, defendant ATLAS AIR, INC.

2.7 Defendant AMAZON.COM, INC., is a Delaware corporation with its principal place of business in Seattle, Washington, where it is a citizen and resident.

AMAZON.COM, INC. has engaged in substantial and not isolated activity within the State of Texas, and this District, including but not limited to, the delivery of cargo, transported by aircraft into and out of Texas and specifically, George Bush Intercontinental Airport, Houston, Texas. Although this Defendant does business in the State of Texas for the purpose of accumulating monetary profit, it does not maintain a regular place of business nor a designated agent for service of process in the State of Texas. For these reasons, long-arm service of process is to be upon the Texas Secretary of State pursuant to Tex.Civ.Prac. & Rem. Code §17.044. This suit arises out of business contacts in the State of Texas and, under the circumstances, AMAZON.COM, INC. has appointed the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent upon whom service of process may be had in this action. The Texas Secretary of State is requested to forward a copy of this Complaint, along with Citation, by certified mail, return receipt requested, to Defendant, AMAZON.COM, INC. at its home office 410 Terry Ave. N, Seattle, WA, 98109-5210.

2.8 Defendant, AMAZON FULFILLMENT SERVICES, INC., is a Delaware corporation with its principal place of business in Seattle, Washington, where it is a citizen and resident. AMAZON FULFILLMENT SERVICES, INC., has engaged in substantial and not isolated activity within the State of Texas, and this District, including but not limited to the delivery of cargo, transported by aircraft into and out of Texas and specifically, George Bush Intercontinental Airport, Houston, Texas. This Defendant may be served by serving its registered agent: Corporation Service Company dba CSC –

Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

2.9     Sean Archuleta was passenger on Atlas Air flight 3591 flight from Miami, Florida to Houston, Texas on February 23, 2019.  The aircraft was a Boeing 767-375BCF, tail number N1217A.

2.10    The jet, carrying cargo and one passenger, Sean Archuleta, crashed into Trinity Bay, Texas, while on approach to George Bush Intercontinental Airport in Houston, Texas.

2.11    Sean Archuleta, Plaintiff's husband, was killed in the crash.

### III. JURISDICTION AND VENUE

3.1     This is an action for damages substantially in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney's fees.

3.2     Jurisdiction exists over this action against Defendants under 28 U.S.C. §§ 1331 and 1332.

3.3     Jurisdiction is proper in this Court because the accident that claimed the life of Sean Archuleta occurred in this District.

3.4     Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391 because Defendants conduct significant business in this District and the accident occurred in this District.

## IV. FACTS GIVING RISE TO CAUSE OF ACTION

4.1     In May 2016, the Defendants entered into agreements with each other to operate up to twenty Boeing 767-300 aircraft.  These operations included the delivery of cargo throughout the United States.

4.2     One of the aircraft that was subject to the agreement among the Defendants was Boeing 767-375BCF, tail number N1217A.

4.3     On February 23, 2019, N1217A was being operated by the Defendants on a flight from Miami, Florida to Houston, Texas.  The flight was operated as Atlas Air Flight 3591.

4.4     On February, 23, 2019, at 12:30 (CST) p.m. the pilots of Atlas Air Flight 3591, contacted Houston terminal radar approach control and reported they were descending for runway 26L at George Bush Intercontinental Airport.  At that time the airplane was at 17,800 feet with a ground speed of 320 knots.

4.5     At 12:34 (CST) p.m., the airplane was descending through 13,800 feet and the pilots were advised by air traffic control of an area of light to heavy precipitation along the flight route.

4.6     One minute later the pilots reported they were in receipt of the Houston Automatic Terminal Information System weather broadcast.  The air traffic controller informed the pilots to expect vectors to runway 26L and asked if the pilots wanted to go to the west or north of the en route weather.

4.7     The aircraft continued to descend through 12,000 feet with a ground speed of 290 knots and the pilots told air traffic control that they wanted to go west of the area of precipitation. The controller responded that if the pilots wanted to proceed west that the pilots would need to expeditiously descend to 3,000 feet.

4.8     At 12:37 (CST) the controller instructed the pilots to turn to a heading of 270 degrees. The aircraft turned to 270 degrees and was descending through 8,500 feet.

4.9     Shortly thereafter, the aircraft pitched nose down and over the next eighteen seconds continued to pitch down to approximately 49 degrees.

4.10    The aircraft reached an airspeed of 430 knots as it plummeted to the ground.

4.11    The aircraft crashed into Trinity Bay, Texas. The aircraft broke apart and there were no survivors.

4.12    During this rapid dive, Sean Archuleta was thrown about and feared for his life, suffering terror, fright, shock, multiple impacts and multiple injuries before the final impact and death.

4.13    As a direct and proximate result of the negligence of Defendants, Sean Archuleta was killed and experienced, fright, terror, fear of his impending death, multiple impacts to his body, multiple injuries, pain, and ultimately death. The Plaintiff makes the following claims for damages.

## V. CAUSES OF ACTION

**A.      NEGLIGENCE**

5.1     The Plaintiff adopts and re-alleges all other paragraphs of this complaint as though fully set forth herein, and further alleges:

5.2     The Defendants, as airline owner and operators, had and undertook the duty of reasonable care under the circumstances, to provide reasonably safe transit for their passengers, including Sean Archuleta.  This included the duty to warn of any unreasonably dangerous conditions; the duty to initiate reasonable policies and procedures with respect to the operation of its aircraft in weather; and the duty to ensure that its pilots and other personnel were well-informed, properly trained, and qualified with respect to operating the subject airplane.

5.3     The failure of Defendants to provide reasonable safety measures to protect their passengers and operate and land the aircraft in a safe manner constitutes a breach of its duty to those passengers, including Sean Archuleta.

5.4     The Defendants, breached their duty, by and through its employees, agents, and servants, and were negligent, in one or more of the following ways:

   a) Failing to maintain control of the aircraft;
   b) Failing to take appropriate precautions when encountering weather;
   c) Failing to avoid the steep descent of the aircraft;
   d) Failing to have competent and qualified pilots;
   e) Failing to adequately train its pilots;
   f) Failing to prevent the aircraft from a too steep descent;
   g) Failing to engage in effective Crew Resource Management;
   h) Failing to prevent the aircraft from impacting the ground; and
   i) Other acts of negligence and/or omissions to be shown at trial herein.

5.5     As a direct and proximate result of the negligence of the Defendants, by and through their employees, agents, and servants, Sean Archuleta experienced terror and fear

of impending death, multiple impacts and injuries before death, and upon impact was further and fatally injured, and sustained other damages, including but not limited to the value to decedent of his life and the loss of enjoyment of his life.

5.6  Plaintiff and decedent's other next of kin and beneficiaries have sustained the loss of support and pecuniary advantage, the loss of care, comfort, society, consortium, paternal nurture and care, and suffered grief and loss of companionship, and were otherwise damaged.

**B.  GROSS NEGLIGENCE**

5.7  The Plaintiff adopts and re-alleges all other paragraphs of this complaint as though fully set forth herein, and further alleges:

5.8  The Defendants' acts and/or omissions rose to the level of gross negligence and warrant the imposition of exemplary damages.

5.9  The acts and omissions of these Defendants involved an extreme degree of risk, considering the probability and magnitude of harm to others, and these Defendants had actual, subjective awareness of the risks but proceeded with conscious indifference to the rights, safety, and welfare of others.

## VI. DAMAGES

6.1  As a direct and proximate result of the negligent and reckless conduct of Defendants, Plaintiff has suffered the loss of her husband and been made to suffer and sustain damages above the minimum jurisdictional requirements of this Court. The Plaintiff's husband suffered unspeakable fear, terror, and pain – then lost his life. Plaintiff has sustained lost wages and future wage earning capacity of Decedent. The amount of

monetary relief sought is within the sole discretion of the fact-finders who will consider the evidence and decide what amount will compensate Plaintiff for Defendants' acts and omissions. Plaintiff seeks all damages contemplated for wrongful death and survival actions.

6.2     Defendants proximately caused injury and death to Decedent, which resulted in the following damages, among others, to the estate of Decedent and/or Plaintiff:

(a) Physical pain in the past;

(b) Mental anguish in the past;

(c) Disfigurement in the past;

(d) Physical impairment in the past;

(e) Medical expenses in the past;

(f) Loss of earning capacity in the past and future;

(g) Loss of consortium in the past; and

(h) Exemplary and Punitive damages.

6.3     Defendants proximately caused injury and death to Decedent, which resulted in the following damages, among others, to the Plaintiff wife and minor children of Decedent:

(a) Loss of companionship and guidance in the past and future;

(b) Mental anguish in the past and future;

(c) Loss of earning capacity in the past and future;

(d) Loss of consortium in the past and future;

(e) Loss of household services in the past and future;

(f) Exemplary and Punitive damages.

6.4 Defendants proximately caused injury and death to Decedent, which resulted in the following damages, among others, to Plaintiff and other next of kin of Decedent:

(a) Loss of companionship in the past and future;

(b) Mental anguish in the past and future;

(c) Loss of consortium in the past and future;

(d) Exemplary and Punitive damages.

## VII. JURY DEMAND

7.1 Plaintiff demands a trial by jury herein.

WHEREFORE, the Plaintiff prays for judgment against the Defendants for: compensatory damages; punitive damages; pecuniary and non-pecuniary damages; attorney's fees; costs of suit; and all other relief to which Plaintiff and all other next of kin and beneficiaries may be justly entitled, in law or in equity.

Respectfully submitted,

*/s/ Eric J. Rhine*_____
Eric J. Rhine
SBN 24060485 / SDTX 1786163
erhine@spaglaw.com
401 Louisiana, 8th Floor
Houston, TX 77002
Tel: (713) 653-5600
Fax: (713) 653-5656

**OF COUNSEL:**

SPAGNOLETTI LAW FIRM

401 Louisiana, 8th Floor
Houston, TX 77002
Tel:   (713) 653-5600
Fax:   (713) 653-5656

and

MOTLEY RICE LLC

Mary F. Schiavo (*PHV* to be submitted)
South Carolina Bar No. 76651
James R. Brauchle (*PHV* to be submitted)
South Carolina Bar No. 69688
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel:   (843) 216-9000
Fax:   (843) 216-9450

**ATTORNEYS FOR PLAINTIFF**