

Pamela C. Hicks
Shareholder

phicks@hdwlegal.com
Direct: 713-589-2909

January 10, 2020

Hon. Andrew M. Edison                                        *Via E-File*
United States Magistrate Judge
United States District Court
Southern District of Texas, Galveston Division
601 Rosenberg
Galveston, Texas 77550

     Re:  Cause No. 3:19-cv-00170*; Leidy Tatiana Carvajal Archuletta, individually, and in*
     *her capacity as Adminstratrix of the Estate of Sean Archuleta, and as next friend of*
     *minors JA and VS vs. Atlas Air Worldwide Holdings; Inc., Atlas Air, Inc., and Amazon*
     *Fulfillment Services, Inc.*: In the United States District Court for the Southern District of
     Texas, Galveston Division

Dear Judge Edison:

In accordance with the Court's Docket Control Order, the parties provide the following report on the status of the NTSB's investigation and whether an Amended Docket Control Order is necessary.

The NTSB opened the public docket on December 19, 2019 as part of its ongoing investigation of the February 23, 2019 Atlas Air flight 3591 accident.  The NTSB has released several factual reports, transcripts, photographs and other documents.  The docket does not provide the NTSB's final report, analysis or findings.  The NTSB has specifically stated that "[n]o conclusions about how or why the crash occurred should be drawn from the information within the docket. Analysis, findings, recommendations, and probable cause determinations related to the crash will be issued by the NTSB in a final report at a later date."

The NTSB advised shortly after the accident that the investigation would take a least a year.  The requirements of 49 C.F.R. §831.13 prohibit dissemination of information that has not yet been disclosed by the NTSB by parties to the NTSB investigation, which includes Atlas Air, Inc.

The parties have differing views on if a new docket control order is needed.  In light of the status of the NTSB's investigation, the defendants believe that a new docket control order is necessary and request that the Court set a telephonic status conference to set dates.  The restrictions in 49 CFR §831.13 prohibit defendants from fully participating in the defense of the case.  Atlas Air, Inc. is a party to the NTSB investigation.  It is prohibited from releasing any non-public information.  Although the NTSB has released some information on the public docket, it has not released all information about the accident.  "[A]ny other release of factual information related to

the investigation must be approved by the IIC [NTSB Investigator in Charge] prior to release." 49 CFR §831.13 (c)(4).  Atlas Air, Inc. should not be required to balance the requirements of discovery against the regulatory requirement that it seek NTSB approval before disseminating information.

Plaintiffs do not believe a new docket control order is needed.  Plaintiffs believe there is enough information to comply with the current deadlines entered by the Court.  Although the NTSB final report has not been issued, the parties have inspected the plane's wreckage.  Additionally, the NTSB docket has now been released, containing full transcripts of interviews, and other information bearing on liability in this suit.  Plaintiffs oppose any delay in the just and speedy determination of this lawsuit.

A mediator has been agreed to by the current parties to this suit.  The parties are working toward scheduling a mediation in March.

In addition, defendants contend that Sean Archuleta's mother, Ileana Paul, needs to be added as a party.  In accordance with the Court's local rules, a letter will be filed setting out the basis for the proposed motion to join her as a party.

Plaintiffs disagree that a party who has not brought a claim in this lawsuit is a necessary party.  Mrs. Archuleta, who is the wife of the decedent and the mother of their children, is the duly appointed personal representative of Sean Archuleta's estate.  Under Texas law she is the only proper party and defendants have no statutory basis to claim her mother-in-law is necessary.

Sincerely,

**HICKS DAVIS WYNN, P.C.**

Pamela C. Hicks
Counsel for Defendants

**SPAGNOLETTI LAW FIRM**

*/s/ Eric J. Rhine*

Eric J. Rhine
Counsel for Plaintiffs